JARED BOBROW (STATE BAR NO. 133712)
jbobrow@orrick.com
DIANA M. RUTOWSKI (STATE BAR NO. 233878)
drutowski@orrick.com
JASON LANG (STATE BAR NO. 255642)
jlang@orrick.com
TRAVIS JENSEN (STATE BAR NO. 259925)
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:      +1 650 614 7400
Facsimile:       +1 650 614 7401

SARAH KATE MULLINS (STATE BAR NO. 324558)
sarahmullins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      +1 415 773 5700
Facsimile:       +1 415 773 5759

Attorneys for Plaintiffs
*Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>YANGTZE MEMORY TECHNOLOGIES COMPANY LTD.,<br><br>Defendant. | Case No. 3:25-cv-8588<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

Plaintiffs Micron Technology, Inc. ("Micron Technology"), Micron Semiconductor Products, Inc. ("Micron Semiconductor"), and Micron Technology Texas, LLC ("Micron Texas") (Micron Technology and Micron Semiconductor, collectively, "Micron") seek a declaration that Micron does not directly or indirectly infringe U.S. Patent Nos. 10,707,851, 11,233,066, 12,068,250, 12,075,621, 12,094,767, 12,254,925, 12,266,403, and 12,232,313 (collectively, the "Asserted Patents") either literally or under the doctrine of equivalents, as follows:

### INTRODUCTION

1.     Micron and Micron Texas bring this action for a declaratory judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

2.     Micron is the only United States founded memory semiconductor designer and manufacturer and has become a world leader in innovative computer-memory and data-storage solutions, employing thousands of people in Idaho, where Micron maintains its headquarters, throughout the United States, and abroad. Indeed, Micron recently announced plans to invest approximately $200 billion in semiconductor manufacturing and R&D in Idaho, New York and Virginia to enhance domestic supply and technology leadership and meet the anticipated AI-driven demand.

3.     Micron's commitment to innovation is evident from its expansive patent portfolio that includes over 54,000 patents.

4.     For over a decade, Micron has been at the forefront of developing new and innovative 3D NAND memory products.  In March 2015, Micron launched its first 3D NAND product, a 32-layer high density memory chip.  Micron filed dozens of patents on 3D NAND technology long before the product launch.  Indeed, Micron described innovative 3D NAND arrays in patents it filed well before 2015.

5.     Since its initial 3D NAND product launch in 2015, Micron has continued to lead the world in 3D NAND innovation by developing and offering chips with greater memory capacity and capabilities.  In early 2018, Micron doubled the number of layers in its 3D NAND products, releasing its 64-layer 3D NAND.  Thereafter, in 2019, Micron sampled its 128-layer 3D

NAND and, in 2020, Micron was the first company in the world to launch 176-layer 3D NAND. In July 2022, Micron became the first company to scale its 3D NAND technology to 232-layers in production. Micron has received numerous awards for and widespread recognition of its innovative 3D NAND technology.

6.      Similarly, Micron has been producing innovative dynamic random access memory (DRAM) technology for decades.  In 1981, Micron shipped its first 64K DRAM product. By 1984, it had released the world's smallest 256K DRAM product.  By 2002, Micron was demonstrating the world's first 1 gigabit DDR (Double Data Rate) DRAM product.  In 2021, when Micron released its 1α (1-alpha) node-based DRAM products, with the world's most advanced DRAM process technology delivering major improvements in density, power consumption and performance. Micron's newest 1γ (1-gamma) DRAM process technology employs revolutionary extreme ultraviolet (EUV) lithography production.

7.      Micron's success has come with a price: fending off baseless assertions of patent infringement. These patentees attempt to shake down Micron for license fees and, if Micron refuses, they attempt to strong-arm compliance by forcing Micron to spend millions of dollars engaging in necessarily complex and protracted patent litigation.

8.      One such patentee that Micron has had to fend off is Defendant Yangtze Memory Technologies Company Ltd. ("YMTC").  YMTC is a global manufacturer and supplier of 3D NAND memory products.  YMTC was founded in 2016 and is majority-owned by the Chinese government.  YMTC's founding followed the 2015 announcement of the Made in China 2025 initiative by Chinese President Xi Jinping.  The Made in China 2025 initiative positioned semiconductors as a critical growth industry for the Chinese economy.  The Chinese Government's investment platform for funding the expansion of its semiconductor industry is the National Integrated Circuit Industry Investment Fund, more commonly known as the "Big Fund."

9.      Latecomer YMTC has developed four generations of NAND storage devices since its founding in 2016: a first-generation 3D NAND storage technology incorporating a 32-layer 3D NAND memory array, a second-generation 3D NAND storage technology incorporating at least a 64-layer 3D NAND memory array, a third-generation 3D NAND storage technology

incorporating at least a 128-layer 3D NAND memory array, and a fourth generation 3D NAND storage technology incorporating at least a 232-layer 3D NAND memory array.

10.     Unsurprisingly, given Micron's nearly decade long head start over YMTC into 3D NAND memory development, YMTC began to hire NAND engineers from Micron or its affiliates and has hired at least 20 such engineers to date.

11.     YMTC has also targeted Micron repeatedly by making non-credible infringement allegations of facially invalid patents.

12.     For example, in November 2023, YMTC sued Micron Technology and one of its affiliates in this District, Case No. 3:23-cv-05792, alleging that Micron is infringing eight different YMTC patents in connection with several of its 96-Layer NAND, 128-Layer NAND, 176-Layer NAND, and 232-Layer NAND memory products ("*Yangtze I*").

13.     In July 2024, YMTC again sued Micron Technology and one of its affiliates in this District, Case No. 5:24-cv-04223, alleging that Micron is infringing eleven different YMTC patents in connection with several of its 96-Layer NAND, 128-Layer NAND, 176-Layer NAND, 232-Layer NAND, and DDR5 DRAM memory products ("*Yangtze II*").

14.     In March 2025, this Court stayed both of the foregoing cases pending the conclusion of the U.S. Patent Trial and Appeal Board's *inter partes* review of many of the asserted claims.

15.     This action arises out of YMTC's continued non-credible assertion of patents against Micron and Micron Texas.

16.     YMTC has sued Micron, Micron Texas, and Micron's distributor, Avnet, Inc., in the Eastern District of Texas, C.A. No. 2:25-cv-01010, alleging infringement of the Asserted Patents here in connection with Micron's 3D-NAND and DRAM memory products ("*Yangtze III*"). YMTC brought this new case despite knowing that Micron Texas is a dissolved LLC and that neither Micron nor Micron Texas resides in the Eastern District of Texas, or has a regular and established place of business therein, facts that render venue in the Eastern District of Texas improper. Thus, an actual controversy exists regarding YMTC's claims that Micron's 3D-NAND and DRAM memory products infringe the Asserted Patents.

**THE PARTIES**

17.     Micron Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

18.     Micron Semiconductor Products, Inc. is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

19.     Micron Technology Texas, LLC was a limited-liability company formed under the laws of the state of Idaho.  Micron Texas was dissolved on October 25, 2023.  *See* Ex. L.  It exists only for the purposes of winding up the entity, including prosecuting and defending actions and proceedings to settle claims made against Micron Texas by third parties like YMTC.  Pre-dissolution, Micron Texas's principal place of business was 8000 S. Federal Way, Boise, Idaho, 83716.

20.     YMTC is a Chinese State-Owned Enterprise that the U.S. Department of Commerce has declared is engaged in activities contrary to U.S. national security and/or foreign policy interests.  YMTC is headquartered in China and maintains a principal place of business in Wuhan, China.  YMTC has a wholly-owned subsidiary, Yangtze Memory Technologies, Inc. ("YMTI"), which is incorporated in California and has its principal place of business at 2953 Bunker Hill Lane, Suite 206, Santa Clara, CA 95054, in this judicial District.  YMTI manages YMTC's U.S. market entry, business development, and customer engagement activities.  YMTC competes with Micron in the U.S. in part through activities it conducts through YMTI.

**JURISDICTION AND VENUE**

21.     This Court has subject matter jurisdiction over the claim for declaratory judgment of noninfringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

22.     YMTC is subject to this Court's personal jurisdiction consistent with the principles of due process and the California long-arm statute.  YMTC has extensive contacts with this District.

23.     On information and belief, YMTC controls and has controlled its subsidiary in this

District, YMTI, and dictates every facet of YMTI's business such that YMTI acts as YMTC's instrument in the United States.

24.    For example, YMTC admits that it is "dedicated to the development of memory products for the global market" and that it "maintains ties to Silicon Valley through a wholly-owned subsidiary, Yangtze Memory Technologies, Inc." *See Yangtze Memory Technologies Ltd. v. Micron Technology Inc.*, N.D. Cal. Case No. 3:23-cv-05792, Dkt. 29 ¶ 24.

25.    YMTC further admits that "YMTI manages YMTC's U.S. market entry, business development, and customer engagement activities." *See Yangtze Memory Technologies, Inc. v. Micron Technology Inc.*, D.D.C. Case No. 1:25-cv-01795, Dkt. 1 ¶ 22.

26.    On information and belief, YMTC places, has placed, and contributed to placing its products, including its NAND memory products, into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold in the United States, including in this District.  On information and belief, YMTC has also derived substantial revenue from selling its products in this District.

27.    On information and belief, YMTC also sells and offers to sell its products to customers in the United States and in this District, such as Apple, including through its subsidiary in the District, YMTI.

28.    YMTC filed a declaration of use in support of its trademark application at the United States Patent and Trademark Office ("USPTO") declaring that it used its YMTC trademark on 3D NAND products in commerce regulated by the U.S. Congress—*i.e.*, products either sold within the U.S. or imported into the U.S. from China.  Specifically, in connection with YMTC's trademark filing for its YMTC mark, YMTCL declared under penalty of perjury that "the mark is in use in commerce on or in connection with all the goods/services in the application" and that "[t]he specimen(s) shows the mark as used on in connection with the goods … in commerce." *See* Ex. K.  YMTC attached specimens showing its Xtacking® chips, which are 3D NAND memory chips. *See id.*

29.    YMTC's Head of International Customer Sales and former Vice President Product & Test Engineering, David Duffin, who is responsible for "$5B+ in shipments per year," is

located in this District and, on information and belief, tests and uses YMTC's products in this District.

30.     YMTC also attends trade shows and other events in this District.  For example, YMTC regularly attends and sponsors the yearly Flash Memory Summit in Santa Clara, CA in this District. *See, e.g.,* Exs. A-B. On information and belief, YMTC attends such events to promote its products that allegedly practice its patented technology, and as part of its efforts to investigate Micron's activities for purposes of bringing infringement lawsuits against Micron.

31.     For example, in August 2018, YMTC launched its Xtacking® architecture at the Flash Memory Summit in Santa Clara, CA, and won a "Best of Show" award.

32.     YMTC also targets consumers in the United States and this District via its website, which is accessible in the United States, where it provides product specifications in English for potential customers: https://www.ymtc.com/en/.

33.     YMTC has also repeatedly purposely availed itself of the rights and benefits of the laws of the state of California and this judicial District.

34.     YMTC has sued Micron twice in this District in the last two years in *Yangtze I* and *Yangtze II*.

35.     YMTC also filed another suit in this District on June 7, 2024 against Strand Consult, Roslyn Layton, and DCI Group AZ LLC.  *See Yangtze Memory Technologies, Inc. v Strand Consult*, N.D. Cal. Case No. 5:24-cv-3454, Dkt. 1.

36.     YMTC has hired lawyers located in this District in each of its prior cases against Micron.  In *YMTC I*, it was represented by James Batchelder, Andrew Radsch, Stepan Starchenko, James Mack, and Nancy Attalla, attorneys who all work in an office in this District at 1900 University Avenue, 6th Floor, East Palo Alto, CA 94303. In *YMTC II*, it was represented by Brett Sandford, an attorney who works in an office in this District at 505 Montgomery Street, Suite 2000, San Francisco, CA 94111. In *YMTC III*, it is represented by Brandon Brown, an attorney who works in an office in this District at 555 California Street, San Francisco, CA 94104.

37.     In sum, this Court has personal jurisdiction over YMTC at least because, through

YMTC's own acts and through the acts of its wholly-owned subsidiary, YMTI, YMTC (i) has a presence or regular and established place of business in this judicial District at 2953 Bunker Hill Lane, Suite 206, Santa Clara, CA 95054; (ii) has purposely availed itself of the rights and benefits of the laws of the state of California and this judicial District; (iii) has done and is doing substantial business in the state of California and this judicial District; (iv) has sufficient minimum contacts and/or maintains continuous and systematic contacts in the state of California, this judicial District, and the United States; and (v) uses, offers to sell, sells, imports, and/or distributes products through the United States, including within the state of California and the Northern District of Texas.

38.    Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) because YMTC is subject to personal jurisdiction in this District.

39.    Because this action presents an actual controversy with respect to the Asserted Patents, the Court may grant declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq.*

**COUNT I**
**(Declaration of Non-Infringement of the '066 Patent)**

40.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

41.    A copy of the '066 patent is attached hereto as **Exhibit C**.

42.    YMTC has asserted an ownership interest in the '066 patent by asserting infringement in *Yangtze III*.

43.    The '066 patent has 3 independent claims (1, 13, and 15).  Independent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | A three-dimensional (3D) memory device, comprising: |
| (a) | an N-type doped region of a substrate; |
| (b) | an N-type doped semiconductor layer on the N-type doped region; |
| (c) | a memory stack comprising interleaved conductive layers and dielectric layers on the N-type doped semiconductor layer; |
| (d) | a channel structure extending vertically through the memory stack and the N-type doped semiconductor layer into the N-type doped region; and |
| (e) | a source contact structure extending vertically through the memory stack and the N-type doped semiconductor layer into the N-type doped region, wherein: |

| (e)(1) | a first lateral dimension of a first portion of the source contact structure surrounded by the N-type doped region is greater than a second lateral dimension of a second portion of the source contact structure surrounded by the memory stack; and |
|---|---|
| (e)(2) | a third lateral dimension of a third portion of the source contact structure surrounded by the N-type doped semiconductor layer is greater than the second lateral dimension of the second portion of the source contact structure. |

44.     The '066 patent issued on January 25, 2022.

45.     Micron Texas has not directly or indirectly infringed any claim of the '066 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron product on or after the '066 patent's issuance date.

46.     Micron also has not directly or indirectly infringed any claim of the '066 patent, either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '066 patent.

47.     For example, claim 1 of the '066 patent requires "a source contact structure extending vertically through the memory stack and the N-type doped semiconductor layer into the N-type doped region," "a first lateral dimension of a first portion of the source contact structure surrounded by the N-type doped region is greater than a second lateral dimension of a second portion of the source contact structure surrounded by the memory stack," and "a third lateral dimension of a third portion of the source contact structure surrounded by the N-type doped semiconductor layer is greater than the second lateral dimension of the second portion of the source contact structure."  Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not satisfy these claim elements.

48.     Micron, its customers, and its end users are not liable for infringement of the '066 patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) made, imported, or sold by Micron.

49.     A substantial, immediate, and real controversy exists between Plaintiffs and YMTC regarding whether Plaintiffs or their customers or end users infringe the '066 patent by

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

NAND devices (and products including said devices) in the United States, or by importing the

Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

devices) into the United States.

50.    A judicial declaration is necessary to determine the parties' respective rights

regarding the '066 patent.

51.    Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end

users do not infringe the '066 patent, either literally or under the doctrine of equivalents, by

making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

NAND devices (and products including said devices) in the United States, or by importing the

Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35

U.S.C. § 271(b)–(c).

**COUNT II**
**(Declaration of Non-Infringement of the '250 Patent)**

52.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully

set forth herein.

53.    A copy of the '250 patent is attached hereto as **Exhibit D**.

54.    YMTC has asserted an ownership interest in the '250 patent by asserting

infringement in the *Yangtze III*.

55.    The '250 patent has 1 independent claim.  Independent claim 1 reads as follows:

| Element | Claim Language |
|---------|----------------|
| Preamble | A semiconductor device, comprising |
| (a) | a stack of word line layers and insulating layers that are stacked alternatingly; and |
| (b) | channel structures formed in a first array region and a second array region of the stack, the first array region and the second array region being positioned at opposing sides of the stack, wherein |
| (c)(1) | a first staircase is formed between the first array region and the second array region, |
| (c)(2) | a second staircase is formed between the first array region and the second array region, |
| (c)(3) | a portion of the stack is positioned between the first staircase and the second |

| | staircase and between the first array region and the second array region, |
|---|---|
| (c)(4) | the first staircase has first stairs with a first step-down direction and second stairs with a second step-down direction, the first step-down direction being opposite to the second step-down direction, and |
| (c)(5) | each of all of the first stairs and each of all of the second stairs corresponds to a different one of the word line layers. |

56.     The '250 patent issued on August 20, 2024.

57.     Micron Texas has not directly or indirectly infringed any claim of the '250 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron product on or after the '250 patent's issuance date.

58.     Micron also has not directly or indirectly infringed any claim of the '250 patent, either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '250 patent.

59.     For example, claim 1 of the '250 patent requires "channel structures formed in a first array region and a second array region of the stack, the first array region and the second array region being positioned at opposing sides of the stack" and "the first staircase has first stairs with a first step-down direction and second stairs with a second step-down direction, the first step-down direction being opposite to the second step-down direction."  Micron's 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not satisfy these claim elements.

60.     Micron, its customers, and its end users are not liable for infringement of the '250 patent for any 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) made, imported, or sold by Micron.

61.     A substantial, immediate, and real controversy exists between Plaintiffs and YMTC regarding whether Plaintiffs or their customers or end users infringe the '250 patent by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the

Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States.

62.     A judicial declaration is necessary to determine the parties' respective rights regarding the '250 patent.

63.     Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end users do not infringe the '250 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT III
### (Declaration of Non-Infringement of the '767 Patent)

64.     Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

65.     A copy of the '767 patent is attached hereto as **Exhibit E**.

66.     YMTC has asserted an ownership interest in the '767 patent by asserting infringement in the *Yangtze III*.

67.     The '767 patent has 1 independent claim.  Independent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | A memory device, comprising: |
| (a) | a film stack, comprising: |
| (a)(1) | conductive layers and first dielectric layers alternatingly stacked on a substrate in a first direction perpendicular to the substrate; |
| (a)(2) | a staircase structure extending in a second direction parallel to the substrate; and |
| (a)(3) | a dividing wall extending in the second direction and located adjacent to the staircase structure; |
| (b) | a gate line slit (GLS) disposed in the dividing wall, wherein the GLS penetrates through the film stack in the first direction and extends in the second direction; |
| (c) | a first barrier layer disposed on the staircase structure; and |
| (d) | a second barrier layer disposed on the first barrier layer in a first region of the staircase structure, wherein the second barrier layer, different from the first barrier layer, is distant from the GLS in a third direction parallel to the substrate and |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

| perpendicular to the second direction. |
| --- |

2

68.   The '767 patent issued on September 17, 2024.

3

69.   Micron Texas has not directly or indirectly infringed any claim of the '767 patent,

4

either literally or under the doctrine of equivalents, because it has had no operating activity since

5

December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron

6

product on or after the '767 patent's issuance date.

7

70.   Micron also has not directly or indirectly infringed any claim of the '767 patent,

8

either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-

9

layer, and 276-layer 3D NAND devices (and products including said devices) do not employ,

10

incorporate, or otherwise make use of, all of the limitations of the claim of the '767 patent.

11

71.   For example, claim 1 of the '767 patent requires "a second barrier layer disposed

12

on the first barrier layer in a first region of the staircase structure, wherein the second barrier

13

layer, different from the first barrier layer, is distant from the GLS in a third direction parallel to

14

the substrate and perpendicular to the second direction."  Micron's 176-layer, 232-layer, and 276-

15

layer 3D NAND devices (and products including said devices) do not satisfy these claim

16

elements.

17

72.   Micron, its customers, and its end users are not liable for infringement of the '767

18

patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products

19

including said devices) made, imported, or sold by Micron.

20

73.   A substantial, immediate, and real controversy exists between Plaintiffs and

21

YMTC regarding whether Plaintiffs or their customers or end users infringe the '767 patent by

22

making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

23

NAND devices (and products including said devices) in the United States, or by importing the

24

Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

25

devices) into the United States.

26

74.   A judicial declaration is necessary to determine the parties' respective rights

27

regarding the '767 patent.

28

75.   Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end

users do not infringe the '767 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT IV
### (Declaration of Non-Infringement of the '621 Patent)

76.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

77.    A copy of the '621 patent is attached hereto as **Exhibit F.**

78.    YMTC has asserted an ownership interest in the '621 patent by asserting infringement in the *Yangtze III*.

79.    The '621 patent has 2 independent claims (1 and 9).  Independent claim 1 reads as follows:

| Element | Claim Language |
|---------|----------------|
| Preamble | A three-dimensional (3D) memory device, comprising: |
| (a) | a doped semiconductor layer; |
| (b) | a stack structure comprising interleaved conductive layers and dielectric layers formed on the doped semiconductor layer, the conductive layers comprising a plurality of word lines, and a drain select gate line; and |
| (c) | a channel structure extending through the stack structure along a first direction and in contact with the doped semiconductor layer, the channel structure comprising a semiconductor channel, and a memory film over the semiconductor channel, |
| (d) | wherein the drain select gate line is in direct contact with the semiconductor channel, each of the plurality of word lines is in direct contact with the memory film, and the drain select gate line and the plurality of word lines comprise a same material. |

80.    The '621 patent issued on August 27, 2024.

81.    Micron Texas has not directly or indirectly infringed any claim of the '621 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron product on or after the '621 patent's issuance date.

82.    Micron also has not directly or indirectly infringed any claim of the '621 patent, either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '621 patent.

83.    For example, claim 1 of the '621 patent requires "a channel structure extending through the stack structure along a first direction and in contact with the doped semiconductor layer" and "wherein the drain select gate line is in direct contact with the semiconductor channel, each of the plurality of word lines is in direct contact with the memory film." Micron's 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) products do not satisfy these claim elements.

84.    Micron, its customers, and its end users are not liable for infringement of the '621 patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) made, imported, or sold by Micron.

85.    A substantial, immediate, and real controversy exists between Plaintiffs and YMTC regarding whether Plaintiffs or their customers or end users infringe the '621 patent by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States.

86.    A judicial declaration is necessary to determine the parties' respective rights regarding the '621 patent.

87.    Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end users do not infringe the '621 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT V
### (Declaration of Non-Infringement of the '313 Patent)

88.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

89.    A copy of the '313 patent is attached hereto as **Exhibit G.**

90.    YMTC has asserted an ownership interest in the '313 patent by asserting infringement in the *Yangtze III*.

91.    The '313 patent has 3 independent claims (1, 8, and 16).  Independent claim 1 reads as follows:

| Element | Claim Language |
|---------|----------------|
| Preamble | 1. A three-dimensional (3D) memory device, comprising: |
| (a) | a memory array structure comprising a first memory array structure and a second memory array structure; |
| (b) | a staircase structure between the first memory array structure and the second memory array structure in a first lateral direction, the staircase structure comprising a first staircase zone and a second staircase zone; and |
| (c) | a first bridge structure between the first staircase zone and the second staircase zone in a second lateral direction perpendicular to the first lateral direction, the first bridge structure having a first top surface that is nominally flat; |
| (d) | a second bridge structure between the first staircase zone and the second staircase zone in the second lateral direction, the second bridge structure having a second top surface that is nominally flat, |
| (e) | wherein the first bridge structure and the second bridge structure are separated by a gate line slit structure; |
| (f) | wherein each of the first staircase zone and the second staircase zone comprises: |
| (f)(1) | first sub-staircases and second sub-staircases arranged alternately, each of the first sub-staircases comprising ascending stairs at different depths, each of the second sub-staircases comprising descending stairs at different depths; and |
| (f)(2) | at least one stair in each of the first sub-staircases and the second sub-staircases is connected to the first memory array structure and the second memory array structure through the at least one of the first bridge structure and the second bridge structure. |

92.    The '313 patent issued on February 18, 2025.

93.    Micron Texas has not directly or indirectly infringed any claim of the '313 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron

1    product on or after the '313 patent's issuance date.

2          94.     Micron also has not directly or indirectly infringed any claim of the '313 patent,

3    either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-

4    layer, and 276-layer 3D NAND devices (and products including said devices) do not employ,

5    incorporate, or otherwise make use of, all of the limitations of the claim of the '313 patent.

6          95.     For example, claim 1 of the '313 patent requires "first sub-staircases and second

7    sub-staircases arranged alternately, each of the first sub-staircases comprising ascending stairs at

8    different depths, each of the second sub-staircases comprising descending stairs at different

9    depths."  Micron's 176-layer, 232-layer, and 276-layer 3D NAND devices (and products

10   including said devices) products do not satisfy these claim elements.

11         96.     Micron, its customers, and its end users are not liable for infringement of the '313

12   patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products

13   including said devices) made, imported, or sold by Micron.

14         97.     A substantial, immediate, and real controversy exists between Plaintiffs and

15   YMTC regarding whether Plaintiffs or their customers or end users infringe the '313 patent by

16   making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

17   NAND devices (and products including said devices) in the United States, or by importing the

18   Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

19   devices) into the United States.

20         98.     A judicial declaration is necessary to determine the parties' respective rights

21   regarding the '313 patent.

22         99.     Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end

23   users do not infringe the '313 patent, either literally or under the doctrine of equivalents, by

24   making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

25   NAND devices (and products including said devices) in the United States, or by importing the

26   Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

27   devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35

28   U.S.C. § 271(b)–(c).

**COUNT VI**
**(Declaration of Non-Infringement of the '403 Patent)**

100.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

101.    A copy of the '403 patent is attached hereto as **Exhibit H.**

102.    YMTC has asserted an ownership interest in the '403 patent by asserting infringement in the *Yangtze III*.

103.    The '403 patent has 3 independent claims (1, 11, and 20).  Independent claim 1 reads as follows:

| Element | Claim Language |
|---------|----------------|
| Preamble | 1. A method for forming a three-dimensional (3D) memory device, comprising: |
| (a) | forming a first dielectric stack on a substrate, wherein the first dielectric stack comprises a first dielectric layer and a second dielectric layer alternatingly stacked in a first direction perpendicular to the substrate; |
| (b) | forming a second dielectric stack on the first dielectric stack, wherein the second dielectric stack comprises a third dielectric layer and a fourth dielectric layer stacked in the first direction; |
| (c) | forming an etch-stop layer on the second dielectric stack: |
| (d) | forming a gate line slit (GLS) opening through the etch-stop layer, the second dielectric stack and the first dielectric stack; and |
| (e) | replacing the fourth dielectric layer and the second dielectric layer through the GLS opening with conductive layers to form a top select gate (TSG) film stack and a film stack of alternating conductive and dielectric layers, respectively. |

104.    The '403 patent issued on April 1, 2025.

105.    Micron Texas has not directly or indirectly infringed any claim of the '403 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron product on or after the '403 patent's issuance date.

106.    Micron also has not directly or indirectly infringed any claim of the '403 patent, either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '403 patent.

107.    For example, claim 1 of the '403 patent requires "forming a second dielectric stack

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1  on the first dielectric stack, wherein the second dielectric stack comprises a third dielectric layer

2  and a fourth dielectric layer stacked in the first direction," "forming an etch-stop layer on the

3  second dielectric stack," and "replacing the fourth dielectric layer and the second dielectric layer

4  through the GLS opening with conductive layers to form a top select gate (TSG) film stack and a

5  film stack of alternating conductive and dielectric layers, respectively.."  Micron's 176-layer,

6  232-layer, and 276-layer 3D NAND devices (and products including said devices) do not satisfy

7  these claim elements.

8      108.    Micron, its customers, and its end users are not liable for infringement of the '403

9  patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products

10  including said devices) made, imported, or sold by Micron.

11      109.    A substantial, immediate, and real controversy exists between Plaintiffs and

12  YMTC regarding whether Plaintiffs or their customers or end users infringe the '403 patent by

13  making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

14  NAND devices (and products including said devices) in the United States, or by importing the

15  Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

16  devices) into the United States.

17      110.    A judicial declaration is necessary to determine the parties' respective rights

18  regarding the '403 patent.

19      111.    Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end

20  users do not infringe the '403 patent, either literally or under the doctrine of equivalents, by

21  making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D

22  NAND devices (and products including said devices) in the United States, or by importing the

23  Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said

24  devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35

25  U.S.C. § 271(b)–(c).

26                          **COUNT VII**
                **(Declaration of Non-Infringement of the '925 Patent)**

27      112.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully

28

1    set forth herein.

2        113.    A copy of the '925 patent is attached hereto as **Exhibit I.**

3        114.    YMTC has asserted an ownership interest in the '925 patent by asserting

4    infringement in *Yangtze III*.

5        115.    The '925 patent has 2 independent claims (1 and 11).  Independent claim 1 reads

6    as follows:

| Element | Claim Language |
|---|---|
| Preamble | A method of programing a memory device comprising a cell, the method comprising: |
| (a) | applying a first program pulse to the cell; |
| (b) | applying middle program pulses to the cell after the application of the first program pulse, comprising applying a first middle program pulse to the cell, a pulse width of the first middle program pulse being wider than a pulse width of the first program pulse; and |
| (c) | applying a last program pulse to the cell after the application of the middle program pulses, wherein a pulse width of the last program pulse is wider than a pulse width of each of the middle program pulses and the first program pulse. |

14        116.    The '925 patent issued on March 18, 2025.

15        117.    Micron Texas has not directly or indirectly infringed any claim of the '925 patent,

16    either literally or under the doctrine of equivalents, because it has had no operating activity since

17    December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron

18    product on or after the '925 patent's issuance date.

19        118.    Micron also has not directly or indirectly infringed any claim of the '925 patent,

20    either literally or under the doctrine of equivalents, at least because the Micron 176-layer, 232-

21    layer, and 276-layer 3D NAND devices (and products including said devices) do not employ,

22    incorporate, or otherwise make use of, all of the limitations of the claim of the '925 patent.

23        119.    For example, claim 1 of the '925 patent requires "applying a last program pulse to

24    the cell after the application of the middle program pulses, wherein a pulse width of the last

25    program pulse is wider than a pulse width of each of the middle program pulses and the first

26    program pulse."  Micron's Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and

27    products including said devices) do not satisfy these claim elements.

28        120.    Micron, its customers, and its end users are not liable for infringement of the '925

patent for any Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) made, imported, or sold by Micron.

121.    A substantial, immediate, and real controversy exists between Plaintiffs and YMTC regarding whether Plaintiffs or their customers or end users the '925 patent by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States.

122.    A judicial declaration is necessary to determine the parties' respective rights regarding the '925 patent.

123.    Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end users do not infringe the '925 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) in the United States, or by importing the Micron 176-layer, 232-layer, and 276-layer 3D NAND devices (and products including said devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT VIII
### (Declaration of Non-Infringement of the '851 Patent)

124.    Plaintiffs restate and incorporate by reference the preceding paragraphs as if fully set forth herein.

125.    A copy of the '851 patent is attached hereto as **Exhibit J.**

126.    YMTC has asserted an ownership interest in the '851 patent by asserting infringement in *Yangtze III*.

127.    The '851 patent has 3 independent claims (1, 8, and 15).  Independent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | 1. A double data rate circuit comprising: |
| (a) | a clock generator, configured to receive a source clock signal to generate a pair of complementary clock signals; |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

| (b) | a clock divider, coupled to the clock generator, and configured to generate four multiphase clock signals using only single-edge transitions of the pair of complementary clock signals, the four multiphase clock signals being successively out-of-phase by 90°; and |
|---|---|
| (c) | a multiplexer, coupled to the clock divider, and configured to multiplex multiple data bits into an output data stream by sequentially selecting and deselecting each data bit of the multiple data bits upon a first edge transition of and a second edge transition of two of the four multiphase clock signals, respectively, and outputting each selected data bit as the output data stream; |
| (d) | wherein the multiplexer comprises four 3-input NAND gates and one 4-input NAND gate coupled thereto; |
| (e) | each of the four 3-input NAND gates is configured to receive one of four multiple data bits and two of the four multiphase clock signals, start outputting the received data bit upon the first edge transition of one of the two received multiphase clock signals, and stop outputting the received data bit upon the second edge transition of another one of the two received multiphase clock signals, the two received multiphase clock signals being out-of-phase by 90°; |
| (f) | the 4-input NAND gate is configured to receive respective output signals from the four 3-input NAND gates to generate the output data stream; and |
| (g) | inputs of the 3-input NAND gates are matched in pull-up paths and pull-down paths, and inputs of the 4-input NAND gate are matched in pull-up paths and pull-down paths. |

128.    The '851 patent issued on July 7, 2020.

129.    Micron Texas has not directly or indirectly infringed any claim of the '851 patent, either literally or under the doctrine of equivalents, because it has had no operating activity since December 2017.  Micron Texas thus did not make, use, offer to sell, sell, or import any Micron product on or after the '851 patent's issuance date.

130.    Micron has also not directly or indirectly infringed any claim of the '851 patent, either literally or under the doctrine of equivalents, at least because the Micron Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) do not employ, incorporate, or otherwise make use of, all of the limitations of the claims of the '851 patent.

131.    For example, claim 1 of the '851 patent requires "wherein the multiplexer comprises four 3-input NAND gates and one 4-input NAND gate coupled thereto," "each of the four 3-input NAND gates is configured to receive one of four multiple data bits and two of the

four multiphase clock signals, start outputting the received data bit upon the first edge transition of one of the two received multiphase clock signals, and stop outputting the received data bit upon the second edge transition of another one of the two received multiphase clock signals, the two received multiphase clock signals being out-of-phase by 90°," and "the 4-input NAND gate is configured to receive respective output signals from the four 3-input NAND gates to generate the output data stream." Micron Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) do not satisfy these claim limitations.

132.   Micron, its customers, and its end users are not liable for infringement of the '851 patent for any Micron Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) made, imported, or sold by Micron.

133.   A substantial, immediate, and real controversy exists between Plaintiffs and YMTC regarding whether Plaintiffs or their customers or end users infringe the '851 patent by making, using, selling, and/or offering for sale the Micron Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) in the United States, or by importing the Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) into the United States.

134.   A judicial declaration is necessary to determine the parties' respective rights regarding the '851 patent.

135.   Plaintiffs seeks a judgment declaring that Plaintiffs and their customers and end users do not infringe the '851 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) in the United States, or by importing the Low-Power DDR5 DRAM and Low-Power DDR5X DRAM devices (and products including said devices) into the United States, either directly under 35 U.S.C. § 271(a), (g) or indirectly under 35 U.S.C. § 271(b)–(c).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays for judgment and relief as follows:

a.   Declare that Plaintiffs do not direct or indirectly infringe any claim in any Asserted

1   Patent, either literally or under the doctrine of equivalents, and that they are not

2   liable for damages or injunctive relied based on any claim in any Asserted Patent;

3   b. Declare that YMTC is barred from seeking and/or enforcing injunctive relief

4   against Plaintiffs (including their affiliates) or its direct or indirect customers and

5   end-users in any jurisdiction with respect to alleged infringement of any Asserted

6   Patent;

7   c. Enjoin YMTC from seeking and/or enforcing injunctive relief against Plaintiffs

8   (including their affiliates) or its direct or indirect customer and end users in any

9   jurisdiction with respect to any alleged infringement of any Asserted Patent;

10   d. Declare that judgment be entered in favor of Plaintiffs and against YMTC on each

11   of Plaintiffs' claims;

12   e. Find that this is an exceptional case under 35 U.S.C. § 285;

13   f. Award Plaintiffs' their costs and attorneys' fees in connection with this action;

14   g. Award Plaintiffs prejudgment and post-judgment interest; and

15   h. Such further and additional relief as the Court deems just and proper.

16   **JURY DEMAND**

17   Plaintiffs demand a jury trial on all issues and claims so triable.

18

19

20   Dated: October 7, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22   By: _____ */s/ Jared Bobrow*

23   Jared Bobrow
     *Attorneys for Plaintiffs*
     *Micron Technology, Inc., Micron*

24   *Semiconductor Products, Inc., and Micron*
     *Technology Texas, LLC*

25

26

27

28