Greg Arovas (*pro hac vice*)
garovas@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

F. Christopher Mizzo, P.C. (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 879-5000
Email: chris.mizzo@kirkland.com

Brandon H. Brown (SBN 266347)
bhbrown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendant Yangtze Memory Technologies Company, Ltd.*

*[Additional counsel listed on signature page]*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC,

Plaintiffs,

v.

YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.,

Defendant.

C.A. No. 3:25-cv-8588-VC

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Hearing Date: March 12, 2026
Hearing Time: 10:00 am
Courtroom: Courtroom 4 – 17th Floor
Judge: Honorable Vince Chhabria

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on March 12, 2026, at 10:00 am, or at such date and time as the Court may order, in the Courtroom of the Honorable Vince Chhabria, located at the San Francisco Courthouse Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Yangtze Memory Technologies Company, Ltd. ("YMTC") hereby respectfully moves to dismiss this case.

Micron's declaratory judgment action is a textbook example of an improper, second-filed case that violates the first-to-file rule. YMTC filed its patent infringement suit in the Eastern District of Texas on October 6, 2025, putting the core dispute—Micron's (and its distributor, Avnet's) infringement of YMTC's patents—before a court of competent jurisdiction. Rather than litigate those issues in Texas, Micron raced to this Court the very next day, seeking a duplicative declaration on the exact same patents and substantially similar infringement questions already at issue in Texas.

The first-to-file rule exists precisely to prevent this kind of forum-shopping and wasteful parallel litigation. The law is clear: when two actions involve substantially the same parties and issues, the later-filed case should yield. Here, the overlap is clear—the same patents, Micron's same alleged conduct, and substantially the same parties. Allowing this action to proceed would undermine judicial efficiency and invite gamesmanship. The Court should dismiss this second-filed action and allow the first-filed Texas case to proceed as the proper forum for resolving these disputes. *See Marvell Semiconductor Inc. v. Monterey Rsch., LLC*, No. 20-cv-3296-VC, 2020 WL 6591197, at *1 (N.D. Cal. Nov. 11, 2020) (dismissing second-filed declaratory judgment action and finding "the law should not leave room for this practice, particularly in patent cases" because "there is simply no need to file a duplicative lawsuit for declaratory relief in a different court").

This Motion is supported by the Memorandum of Points and Authorities below; the supporting Declaration of Yanan Zhao in support of the Motion; the filings in this action; and any additional material or argument submitted to the Court before its decision on this Motion.

## STATEMENT OF THE RELIEF SOUGHT

YMTC respectfully requests that the Court dismiss this declaratory judgment action under the first-to-file rule in view of an earlier-filed action pending in the Eastern District of Texas ("E.D. Tex.") involving substantially the same parties, the same patents, and the same issues.

# TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. STATEMENT OF FACTS .......... 2**

A. The Parties .......... 2

B. Procedural History and Patents at Issue .......... 3

C. Other Patent Litigations Between YMTC and Micron .......... 4

**III. LEGAL STANDARD .......... 5**

**IV. ARGUMENT .......... 6**

A. First-to-File Rule Applies and Warrants Dismissal of Micron's DJ Action .......... 6

B. Micron's Venue Objection in Texas Does Not Warrant Deviation from the First-to-File Rule .......... 7

C. Exceptions to the First-To-File Rule Do Not Apply .......... 8

**V. DISMISSAL IS THE PROPER REMEDY .......... 10**

**VI. CONCLUSION .......... 11**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Volkswagen AG*,
No. 21-cv-54, 2022 WL 2704943 (E.D. Tex. Jan. 20, 2022) ....8

*In re ASM Int'l, N.V.*,
774 F. App'x 650 (Fed. Cir. 2019) ....9

*BeSang Inc. v. Micron*,
No. 23-cv-28 (E.D. Tex.) ....10

*BeSang, Inc. v. Micron Tech., Inc.*,
2025 WL 1942402 (E.D. Tex. July 15, 2025) ....4, 10

*Brook + Whittle Ltd v. Nestle USA, Inc.*,
2:24-cv-735, Dkt. 80 (E.D. Tex. August 12, 2025) ....8

*Commc'ns Test Design, Inc. v. Contec, LLC*,
952 F.3d 1356 (Fed. Cir. 2020) ....5

*Elecs. for Imaging, Inc. v. Coyle*,
394 F.3d 1341 (Fed. Cir. 2005) ....6

*EMC Corp. v. Bright Response, LLC*,
No. 12-cv-2841-EMC, 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) ....9

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
737 F.3d 704 (Fed. Cir. 2013) ....5

*Girafa.com, Inc., v. Alexa Internet, Inc.*,
No. 08-cv-02745, 2008 WL 4500858 (N.D. Cal. Oct. 6, 2008) ....2, 9

*In re Google LLC*,
949 F.3d 1338 (Fed. Cir. 2020) ....8

*Haystack IP LLC v. Micron*,
No. 20-cv-374 (E.D. Tex.) ....10

*Illumina, Inc. v. Qiagen NV*,
No. 16-cv-02788, 2016 WL 3902541 (N.D. Cal. July 19, 2016) ....5

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
544 F. Supp. 2d 949 (N.D. Cal. 2008) ....2, 11

*Juniper Networks, Inc. v. Mosaid Techs., Inc.*,
No. 11-cv-6264-PJH, 2012 WL 1029572 (N.D. Cal. Mar. 26, 2012) ....9

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952) ... 10

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
787 F.3d 1237 (9th Cir. 2015) ... 6

*Marvell Semiconductor Inc. v. Monterey Rsch., LLC*,
2020 WL 6591197 (N.D. Cal. Nov. 11, 2020) ... *passim*

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012) ... 5, 10

*Meru Networks, Inc. v. Extricom Ltd.*,
No. 10-cv-2021, 2010 WL 3464315 (N.D. Cal. Aug. 31, 2010) ... 1, 5, 7

*Molander v. Google LLC*,
473 F. Supp. 3d 1013 (N.D. Cal. 2020) ... 5

*Netlist, Inc. v. Micron*,
No. 22-cv-203 (E.D. Tex.) ... 10

*Netlist, Inc. v. Micron*,
No. 22-cv-294 (E.D. Tex.) ... 10

*Optoma Tech. Inc. v. Maxell Ltd.*,
No. 24-cv-8147-TLT, 2025 WL 1148286 (N.D. Cal. Mar. 14, 2025) ... *passim*

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ... 5, 11

*Ruckus Wireless, Inc. v. Harris Corp.*,
No. 11-cv-1944, 2012 WL 588792 (N.D. Cal. Feb. 22, 2012) ... 11

*SAP Am., Inc. v. Purple Leaf, LLC*,
No. 11-cv-4601, 2012 WL 49239 (N.D. Cal. Jan. 9, 2012) ... 1, 9

*Seven Networks, LLC v. Google LLC*,
315 F. Supp. 3d 933 (E.D. Tex. 2018) ... 8

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
473 F. Supp. 3d 1021 (N.D. Cal. 2020) ... 7

*In re Telebrands Corp.*,
773 F. App'x 600 (Fed. Cir. 2016) ... 9

*Therapy Stores, Inc. v. JGV Apparel Grp., LLC*,
No. 16-cv-02588, 2016 WL 4492583 (N.D. Cal. Aug. 26, 2016) ... 9

*Williams v. Bowman*,
157 F. Supp. 2d 1103 (N.D. Cal. 2001) ... 9

*ZL Techs., Inc. v. W. & S. Fin. Group, Inc.*,
No. 25-cv-00808, 2025 WL 1883823 (N.D. Cal. July 7, 2025) ................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Micron's second-filed declaratory judgment action (the "DJ Action") should be dismissed because the first-to-file rule specifically prevents the very procedural gamesmanship employed by Micron, which only leads to unnecessary and additional burden on both the courts and the parties.

***First***, the first-to-file rule applies in this case because the Texas Action was filed first, and Micron's DJ Action involves the same patents and substantially the same parties and infringement issues. *Meru Networks, Inc. v. Extricom Ltd.,* No. 10-cv-2021, 2010 WL 3464315, at *1 (N.D. Cal. Aug. 31, 2010) (dismissing DJ action filed "[s]everal hours later" involving the same parties and the same patent). Indeed, neither Micron's declaratory judgment complaint here nor its motion to dismiss in Texas dispute that YMTC's Texas action was filed first.

***Second***, Micron's contention that venue is improper in the Eastern District of Texas (which is not true) does not constitute a sufficient basis for a duplicative DJ Action in this District. *See Marvell Semiconductor Inc. v. Monterey Rsch., LLC*, 2020 WL 6591197, at *1 (N.D. Cal. Nov. 11, 2020) ("Even if a defendant in a patent case feels strongly that venue is lacking in the first lawsuit, there is simply no need to file a duplicative lawsuit for declaratory relief in a different court."). The E.D. Tex. court is best positioned to resolve the venue disputes already being litigated here, and under *Marvell*, a duplicative NDCA DJ action is unnecessary and inefficient. Finding otherwise risks inconsistent judgments.

***Third***, no exceptions to the first-to-file rule apply. The E.D. Tex. court, as the first-filed-court, should decide whether any exception applies. *SAP Am., Inc. v. Purple Leaf, LLC*, No. 11-cv-4601, 2012 WL 49239, at *1 (N.D. Cal. Jan. 9, 2012) ("It is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule."). Further, Micron cannot show that YMTC acted in bad faith, brought an anticipatory suit, or engaged in forum-shopping.

Micron may argue that this court should make an exception to the first-to-file rule because it is more convenient for the same court to adjudicate this Action and the lawsuits between Micron and YMTC filed in this District two years ago. *YMTC v. Micron*, No. 23-cv-5792-RFL (N.D. Cal. Nov.

9, 2023) ("*YMTC 1*"); *YMTC v. Micron*, No. 24-cv-4223-RFL (N.D. Cal. July 12, 2024) ("*YMTC 2*"). Not so. *YMTC 1* and *2* have been stayed since March 2025, and Micron opposed lifting the stay in the consolidated action. Zhao Decl., Ex. 4 (23-cv-5792, Dkt. 263) (Micron's Opposition) ("The Court should reject YMTC's request to partially lift the stay because it flouts the Court's prior rulings and would lead to enormous inefficiencies."). Keeping this DJ Action in this District will not increase judicial efficiency or prevent the risk of inconsistency also because the DJ Action involves patents from different families, with different inventors, require different claim constructions, and involve different infringement issues from *YMTC 1* and *2*. *See, e.g.*, *Girafa.com, Inc., v. Alexa Internet, Inc.*, No. 08-cv-02745, 2008 WL 4500858, at *1, 7 (N.D. Cal. Oct. 6, 2008) (refusing to consider another pending action between the parties that "involves an unrelated patent," because "[i]t is . . . not relevant to determining how to apply the first-to-file rule here."); *see also generally* Zhao Decl., Ex. 8 (YMTC's opposition to Micron's motion to relate).

***Fourth***, dismissal is the proper remedy. No judicial resources should be wasted further on Micron's second-filed lawsuit. Micron can raise its declaratory judgment counterclaims in the Texas Action, which provides it with adequate remedy. *Marvell Semiconductor*, 2020 WL 6591197, at *1 (dismissing the second-filed DJ action); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies.").

## II. STATEMENT OF FACTS

### A. The Parties

YMTC and Micron are competitors in the semiconductor manufacturing market, specifically for 3D NAND flash memory. 3D NAND flash memory wafers, packaged chips, and enterprise solid state drives ("SSDs") incorporating the same are memory storage solutions widely used in mobile devices, consumer electronics, computers, servers, and data centers. 3D NAND devices, also called "vertical NAND," stack memory cells in multiple vertical layers in a single memory chip to achieve high density, lower power consumption, and better reads/writes in memory chips. Based on the number of layers stacked in the chip and different technologies applied, 3D NAND devices include, for example, 96-layer, 128-layer, 232-layer, and 276-layer NAND products.

YMTC was founded in 2016 with its headquarters in Wuhan, China. YMTC manufactures and sells 3D NAND flash memory wafers, packaged chips, as well as embedded memory solutions and consumer and enterprise SSDs. As one of fastest-growing innovators, YMTC brings innovative technologies to the semiconductor industry in reliance on its substantial investments in research and development. As of 2025, YMTC has applied for and obtained over 1174 patents in the United States and 5292 worldwide, covering not only NAND technologies, but also innovations in dynamic random-access memory ("DRAM") for use in high density, high bandwidth applications. YMTC's technologies, including the asserted patents at issue, provide critical solutions to increase the density, stability, speed, and efficiency of the memory devices and their manufacturing process.

Micron is a large semiconductor company. Headquartered in Boise, Idaho, Micron today has 54,000 employees worldwide. Zhao Decl., Ex. 2. Micron has over 30 offices and manufacturing sites globally, including Japan, Malaysia, Taiwan, China, and within the United States, in Georgia, California, Texas, Idaho, New York, and others. *Id*; *see also* Zhao Decl., Ex. 3 (Micron website listing locations). Micron also makes and sells 3D NAND flash memory devices and SSDs incorporating for data centers, clients, automobile, and industrial uses.

### B. Procedural History and Patents at Issue

On October 6, 2025, YMTC brought a patent infringement action against Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas, LLC, and their distributor and agent, Avnet, Inc., in the Eastern District of Texas. YMTC asserted that Micron's 3D NAND and LPDDR5/5X devices and other products incorporating those devices infringe eight YMTC patents: U.S. Patent No. 10,707,851; 11,233,066; 12,068,250; 12,075,621; 12,094,767; 12,232,313; 12,266,403; and 12,254,925. Zhao Decl., Ex. 1 (Texas complaint).

In support of its complaint, YMTC made detailed allegations about each Micron entity's presence in the Eastern District of Texas. *Id.* ¶¶ 20-36. YMTC alleged and presented evidence showing that Micron represented to the public that it had a regular established business address within the Eastern District of Texas. *Id.* ¶ 21 ("Micron has another regular and established place of business in this judicial District at 950 West Bethany Drive, Suite 120, Allen, Texas 75013."). YMTC further alleges that:

> Micron has multiple employees involved in the design, development and sales of NAND and DRAM products, including the Accused Products, in the State of Texas, including in this judicial District in the towns of Richardson, Allen, and Plano, Texas. Ex. 11. For example, at least two of these Micron employees, Mr. Tan and Mr. Chen, have been found to have relevant information related to Micron's 3D NAND products. *BeSang, Inc. v. Micron Tech., Inc.*, 2025 WL 1942402, at *4 (E.D. Tex. July 15, 2025). In addition, … other local Micron employees, including at least Joo-Sang Lee, have been found to have relevant information related to Micron's DRAM products.

*Id.* ¶ 23 (internal cites omitted).

The day after YMTC brought the Texas Action, Micron rushed to this Court and filed this DJ Action involving the same eight patents, the same Micron entities, and substantially the same accused products and infringement issues. Dkt. 1.

### C. Other Patent Litigations Between YMTC and Micron

Prior to filing the Texas Action, YMTC brought two lawsuits against Micron in this District. *YMTC 1* (filed on November 9, 2023); *YMTC 2* (filed on July 12, 2024). *YMTC 1* and *YMTC 2* are pending before Judge Lin and have been stayed since March 14, 2025, pending IPR decisions. Zhao Decl., Ex. 5 (23-cv-5792, Dkt. 243) (stay order).

The issues presented in Micron's second-filed DJ Action involve patents and facts substantially different from those in *YMTC 1* and *YMTC 2*. The consolidated *YMTC 1* and *2* matters involve 19 YMTC patents, none of which are related to the 8 patents in this DJ Action. In fact, 6 of the 8 Asserted Patents in this DJ Action had not issued when *YMTC 2* was filed. Additionally, 46 of the combined 49 inventors in these cases are different. Because the asserted patents are different and unrelated, any overlap in claim construction, infringement, invalidity, and damages analyses will be minimal at best.[1]

After filing this DJ Action, Micron recently filed motions in the consolidated *YMTC 1* and *2* actions to ask the court to temporarily lift the stay solely to relate *YMTC 1* and *2* with this DJ Action. Zhao Decl., Ex. 6 (23-cv-5792, Dkt. 273); Zhao Decl., Ex. 7 (23-cv-5792, Dkt. 274). YMTC has opposed Micron's motions. YMTC's instant motion to dismiss, in addition to eliminating the DJ Action, will moot Micron's other motions.

---

[1] YMTC has explained the differences between this DJ Action and *YMTC 1 and YMTC 2* in more detail in its Opposition to Micron's Motion to Relate these cases. *See generally* Zhao Decl., Ex. 8.

## III. LEGAL STANDARD

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)). "This 'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Id.*; *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (explaining that the first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district").

In deciding whether to apply the first-to-file rule, Courts in the Ninth Circuit look to three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Optoma Tech. Inc. v. Maxell Ltd.*, No. 24-cv-8147-TLT, 2025 WL 1148286, at *2 (N.D. Cal. Mar. 14, 2025) (citations omitted). "For the third factor of the first-to-file rule, the issues in both cases also need not be identical, only substantially similar. Where there is 'substantial overlap' between the two lawsuits, such that they have the same legal issues at the 'heart' of their disputes, the 'similarity of the issues' factor is satisfied." *Id.* at *3 (internal citations omitted). If these factors are satisfied, the court in the later-filed action "should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citation omitted); *see also Illumina, Inc. v. Qiagen NV*, No. 16-cv-02788, 2016 WL 3902541, at *2 (N.D. Cal. July 19, 2016) ("[T]here do not appear to be substantial differences between the law of the Ninth Circuit or the law of the Federal Circuit" regarding first-to-file rule).

While application of the rule is discretionary, it "should not be disregarded lightly." *Meru Networks*, 2010 WL 3464315, at *1. When the second-filed case is a declaratory judgment action, the "district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir.

2020). Exceptions to the first-to-file rule may be made if they are justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). There must be "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.*

## IV. ARGUMENT

### A. First-to-File Rule Applies and Warrants Dismissal of Micron's DJ Action

Each of the three factors for applying the first-to-file rule—(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues—are met here. *Optoma Tech.*, 2025 WL 1148286, at *1–2.

***First***, there is no dispute that the Texas Action was filed first on October 6, 2025, and this DJ Action was filed later on October 7, 2025. Zhao Decl., Ex. 1 (Texas Complaint); Dkt. 1 (DJ Complaint).

***Second***, all parties named in this DJ Action are also involved the Texas Action: YMTC (on one side) and Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (on the other). While the Texas Action has an additional defendant, Avnet, Inc., the first-to-file rule does not mandate that the two actions be identical; instead, the first-to-file rule applies as long as the parties are "substantially similar." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015) (finding the first-to-file rule applies when one defendant in the first-filed lawsuit was not named in the second-filed action because "[a] contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second lawsuit").

***Third***, there is no dispute that both the Texas Action and this DJ Action involve identical patents and substantially similar accused products, infringement analysis, and validity issues. Specifically, both actions involve the exact same 8 YMTC patents asserted against Micron's 176-layer, 232-layer, 276-layer 3D NAND, LPDDR5, and LPDDR5X memory devices.

Indeed, Micron admitted that this DJ Action arises from YMTC allegations raised in the first-filed Texas complaint, which involves identical issues. Dkt. 1 ¶ 16 (Micron complaint) ("YMTC has sued Micron, Micron Texas, and Micron's distributor, Avnet, Inc., in the Eastern District of Texas,

C.A. No. 2:25-cv-1010, ***alleging infringement of the Asserted Patents here*** in connection with Micron's 3D NAND and DRAM memory products. . . . Thus, an actual controversy exists regarding YMTC's claims that Micron's 3D-NAND and DRAM memory products infringe the Asserted Patents") (emphasis added); *see also id*. ¶¶ 42, 54, 66, 78, 90, 102, 114, 126 (referencing YMTC's E.D. Tex. complaint allegations). *See SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1026 (N.D. Cal. 2020) (finding that the issues were substantially similar when the Texas action "allege[d] infringement of the same patents that [were] the basis for Plaintiffs' declaratory judgment claims" in the second-filed declaratory judgment action).

In conclusion, Micron's declaratory judgment should be dismissed under this District's clear precedents. *See, e.g.*, *SMIC*, 473 F. Supp. 3d at 1023 (granting motion to dismiss the second-filed declaratory judgment action); *Meru Networks*, 2010 WL 3464315, at *1 (granting motion to dismiss the declaratory judgment action filed "[s]everal hours later" involving the same parties and the same patent); *Optoma Tech.*, 2025 WL 1148286, at *1 (granting motion to dismiss the second-filed declaratory judgment action involving substantially overlapping patents and parties).

### B. Micron's Venue Objection in Texas Does Not Warrant Deviation from the First-to-File Rule

Micron's only meaningful rejoinder is a venue objection not yet decided in the first-filed forum; under this Court's decision in *Marvell*, that does not justify keeping a duplicative DJ action on file here. Micron asserts that YMTC brought the E.D. Tex. action knowing venue there is improper because "Micron Texas is a dissolved LLC and that neither Micron nor Micron Texas resides in the Eastern District of Texas, or has a regular and established place of business therein." Dkt. 1 ¶ 16. However, Micron's venue objection to YMTC's Texas Action is not a sufficient basis for Micron to bring this second-filed case. As this Court explained in *Marvell Semiconductor v. Monterey Research*:

> If venue is improper in the initial case, or if the initial case should be transferred for convenience, the defendant can simply file a motion to that effect and await the outcome. And for that matter, vice-versa: if an accused infringer initially files a declaratory relief action and the patentholder thinks venue is improper or the case should be transferred for convenience, the answer is to file a motion to that effect, not to file a duplicative lawsuit in a different court. The practice of allowing parties in patent cases to bring duplicative lawsuits, and then allowing them to keep those lawsuits on file in the hope the initial lawsuit is dismissed, is nothing but a waste of time and money for the parties and the courts.

*Marvell Semiconductor*, 2020 WL 6591197, at *1. Micron has already moved to dismiss YMTC's complaint in the Texas Action, the parties are actively engaging in venue discovery discussions, and the issues should be resolved by the Texas Court to avoid the risk of inconsistent ruling and waste of resources.

Similar to *Marvell Semiconductor*, this is not a case where the lack of venue is "immediately apparent." *Id*. at *1. YMTC has alleged, and presented evidence, showing that Micron has identified that Micron Texas as its active subsidiary at the time when YMTC filed the Texas Action. *See, e.g.*, Zhao Decl., Ex. 1 ¶ 8; Ex. 9. YMTC further alleged and showed that Micron represented to the public that it had a regular and established business address within the Eastern District of Texas at 950 West Bethany Drive, Suite 120, Allen, Texas 75013. *Id*. ¶ 21. In fact, the E.D. Tex. court has found such allegations to be sufficient at the pleading stage to allege proper venue. *See, e.g.*, *Brook + Whittle Ltd v. Nestle USA, Inc.*, 2:24-cv-735, Dkt. 80 (E.D. Tex. August 12, 2025) ("The Court finds that taking Plaintiff's allegations as true, the [disputed] location" listed online "readily meets the [venue] test . . . ."); *see also Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 937, 951, n. 28, 957 (E.D. Tex. 2018) (finding second *Cray* factor satisfied where defendant had leased a location for nearly two years); *Arigna Tech. Ltd. v. Volkswagen AG*, No. 21-cv-54, 2022 WL 2704943, at *6 (E.D. Tex. Jan. 20, 2022) ("A 'place of business' is not restricted to real property that the defendant must 'own or lease,' and that § 1400(b) could be satisfied by any physical place that the defendant could 'possess or control.'") (quoting *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020)).

Regardless, Micron's venue challenges should be decided in the first-filed Texas Action, not here. *Marvell Semiconductor*, 2020 WL 6591197, at *1 (granting motion to dismiss the second-filed DJ action); *Optoma Tech.*, 2025 WL 1148286, at *4 ("[I]t is unnecessary for the Court to reach the balance of convenience factors here because the Texas Action will consider the relevant venue questions. . . .").

**C. Exceptions to the First-To-File Rule Do Not Apply**

No exceptions to the first-to-file rule apply. As an initial matter, "the court of the first-filed action [here the E.D. Tex. court], rather than the court of the second-filed action [here this Court], should decide whether an exception to the first-to-file rule applies." *Optoma,* 2025 WL 1148286, *3;

*SAP Am., Inc. v. Purple Leaf, LLC*, No. 11-cv-4601, 2012 WL 49239, at *1 (N.D. Cal. Jan. 9, 2012) ("It is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule."); *EMC Corp. v. Bright Response, LLC*, No. 12-cv-2841-EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012) (deferring the resolution of whether any exceptions to the first-to-file rule applies to the first-filed court); *Juniper Networks, Inc. v. Mosaid Techs., Inc.*, No. 11-cv-6264-PJH, 2012 WL 1029572, at *2–*3 (N.D. Cal. Mar. 26, 2012) (same).

YMTC filed the Texas action in good faith and to address Micron's infringing activities. *See Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 16-cv-02588, 2016 WL 4492583, at *5 (N.D. Cal. Aug. 26, 2016) (noting "[f]iling first to establish tactical advantage over the defendant is not 'bad-faith'" and applying the first-to-file rule); *Girafa.com*, 2008 WL 4500858, at *7 (rejecting forum-shopping argument). Similarly, YMTC's Texas action was not an anticipatory lawsuit. *See ZL Techs., Inc. v. W. & S. Fin. Group, Inc.,* No. 25-cv-00808, 2025 WL 1883823, at *3, *5 (N.D. Cal. July 7, 2025) (finding the first-filed action was not "anticipatory" and transferring the second-filed case to the first-filed forum where the two actions are substantially similar but not identical). Indeed, the parties did not have any communications before YTMC filed the Texas action.

Nor is there a rule requiring a patent owner to sue an infringer in only one court. *See, e.g.*, *In re ASM Int'l, N.V.*, 774 F. App'x 650, 652 (Fed. Cir. 2019) (denying ASM's petition for a writ of mandamus directing the District of Oregon to transfer the case to the Northern District of California when HiKe filed two separate patent infringement actions against ASM asserting different patents against the same accused products) (citing *In re Telebrands Corp.*, 773 F. App'x 600 (Fed. Cir. 2016)). Further, a non-resident plaintiff's choice of forum is still entitled to "some deference." *See Williams v. Bowman,* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (giving "some deference" to nonresident plaintiff).

Here, YMTC's Texas complaint identifies specific acts of infringement in and specific facts tying Micron to the Eastern District of Texas. Zhao Decl., Ex. 1 (Texas complaint). Specifically, YMTC's complaint is properly grounded on allegations that Micron (and its distributor and agent Avnet) are subject to personal jurisdiction and venue in the Eastern District of Texas based on their

infringing activities. As alleged in YMTC's Texas Complaint, Micron has significant presence in Texas, including at least offices in Austin, Dallas, and Allen, and has "multiple employees involved in the design, development[,] and sales of NAND and DRAM products, including the Accused Products, in the State of Texas, including in [E.D. Tex.] in the towns of Richardson, Allen, and Plano, Texas." Zhao Decl., Ex. 1 ¶¶ 5-7, 23; *see also id*. Ex. 10 (E.D. Tex. Complaint, Ex. 11). Micron has also been sued numerous times in the Eastern District of Texas for patent infringement, including on its DRAM and NAND technologies, and Micron had answered complaints and gone to trial in these cases. *E.g. Haystack IP LLC v. Micron*, No. 20-cv-374 (E.D. Tex.) (answer filed); *Netlist, Inc. v. Micron*, No. 22-cv-203 (E.D. Tex.) (case went to pre-trial); *Netlist, Inc. v. Micron*, No. 22-cv-294 (E.D. Tex.) (case went to jury trial); *BeSang Inc. v. Micron*, No. 23-cv-28 (E.D. Tex.) (case went to claim construction). Indeed, in *BeSang v. Micron*, the E.D. Tex. court rejected Micron's attempt to transfer to Idaho for alleged inconvenience. On July 15, 2025, the court issued an order finding that plaintiff had made a credible showing that Micron has witnesses in Texas and the Eastern District with relevant information and knowledge related to 3D NAND and DRAM technologies—the technologies at issue in the YMTC first-filed-case. *BeSang, Inc. v. Micron Tech., Inc.*, 2025 WL 1942402, at *4–5 (E.D. Tex. July 15, 2025).

Further, there are no convenience advantages to litigate the unrelated Texas patents in California. As shown earlier, this DJ Action is unrelated to the consolidated *YMTC 1* and *YMTC 2* actions. The patents asserted in the DJ Action and *YMTC 1* and *2* are not related; **46** of **49** inventors involved in the three actions are different; and because the asserted patents are different, any overlap in claim construction, infringement, invalidity, and damages analyses would be minimal at best.

## V. DISMISSAL IS THE PROPER REMEDY

"Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action[.]" *Merial*, 681 F.3d at 1299. District courts have "ample" discretion. *Id.* (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Dismissal is proper in this case. Similar to *Marvell Semiconductor*, "this is not a case in which a second duplicative lawsuit needs to remain on file to avoid a statute of limitations issue in the event the first lawsuit is dismissed." *Marvell Semiconductor*, 2020 WL 6591197, at *1 (dismissing second-

filed DJ action). Instead, Micron has adequate remedy in the Eastern District of Texas and can raise its counterclaims of declaratory judgment there. *See Pacesetter Sys.*, 678 F.2d at 94–95 (affirming district court's decision dismissing the second-filed declaratory judgment action involving "essentially identical" patent infringement disputes); *Optoma Tech.*, 2025 WL 1148286, at *4 (dismissing the second-filed DJ action even though there was a pending motion to transfer in the Texas Action because "dismissal would promote judicial economy" and the "Texas Action can effectively resolve the issues asserted in this case"); *Ruckus Wireless, Inc. v. Harris Corp.,* No. 11-cv-1944, 2012 WL 588792, at *6 (N.D. Cal. Feb. 22, 2012) (dismissing second-filed suit because it "would promote judicial economy and fairness"); *Intersearch*, 544 F. Supp. 2d at 963 ("Dismissal is proper where the court of first filing provides adequate remedies.").[2]

## VI. CONCLUSION

For the reasons discussed above, Micron's declaratory judgment action should be dismissed.

DATED: January 13, 2026

Respectfully submitted,

*/s/ Brandon H. Brown*

Greg Arovas (*pro hac vice*)
garovas@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

F. Christopher Mizzo, P.C.
(*pro hac vice* pending)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 879-5000

[2] The E.D. Tex. court entered a scheduling order providing deadlines for the parties to exchange infringement and invalidity contentions and setting case management hearing. While briefing on the venue disputes and conducting venue discovery, under E.D. Tex. local rules, the parties will continue to prosecute that case while Micron's motion to dismiss is pending. Zhao Decl., Ex. 11 (E.D. Tex. Civ. L.R. 26 "(a) No Excuses. Except in cases involving qualified immunity or a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue.").

Email: chris.mizzo@kirkland.com

Brandon H. Brown (SBN 266347)
bhbrown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Yimeng Dou (SBN 285248)
yimeng.dou@kirkland.com
KIRKLAND & ELLIS LLP
685 Town Center Drive, Ste. 1700
Costa Mesa, CA 92626
Telephone: (714) 982-8822
Facsimile: (714) 982-8844

Yanan Zhao (SBN 337864)
yanan.zhao@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Ste. 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendant Yangtze Memory Technologies Company, Ltd.*